UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
JOHN SICILIANO, JR.,                                               :
                                                                   :
                                        Plaintiff,                 :
                                                                   :
                    -v-                                            :
                                                                   :
IMPERIAL BAG AND PAPER CO., LLC, *doing*                           :
*business as Imperial Dade*, *et al.*,                             :
                                                                   :
                                        Defendants.                :
------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/20/2026

1:26-cv-1435-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On June 11, 2025, Plaintiff John Siciliano, Jr. first filed this action in the Supreme Court of New York, Monroe County.  Dkt. No. 1-1.  On June 12, 2025, Mr. Siciliano filed a motion seeking a preliminary injunction.  Dkt. No. 2-2.  That same day, Defendants removed the action to the Western District of New York.  Dkt. No. 1.  The parties subsequently briefed contested issues of venue and remand.  On February 9, 2026, Chief Judge Wolford denied Plaintiff's motion to remand and granted Defendants' motion to transfer the above-captioned case from the Western to the Southern District of New York pursuant to the forum selection clause contained in the employment agreement—the terms of which are largely the subject of this dispute.  *See generally* Dkt. No. 19.

On February 19, 2026, this case was reassigned to me for all purposes.  In this case, Plaintiff asserts claims against Defendants arising out of his alleged wrongful termination.  Specifically, Plaintiff alleges that on May 21, 2025, Defendants terminated him in violation of his employment contract.  Dkt. No. 2-1 ("Compl.") ¶ 12.

Upon transfer to this District, Plaintiff's motion for a temporary restraining order and preliminary injunction, which he filed on July 25, 2025, is fully briefed and remains pending.  *See generally* Dkt. No. 13.  Plaintiff seeks a preliminary injunction:  (1) enjoining Defendants from enforcing certain restrictive covenants contained in the employment agreement; (2) compelling

Defendants to return all personal property belonging to him in their possession; and (3) enjoining Defendants from "spreading false rumors" about him. *Id.* at 1–2. The Court notes that the restrictive covenants which Plaintiff seeks to enjoin, by their express terms, are of limited duration and will lapse after "twelve (12) months after Employee ceases to be employed by the Company for any reason, whether voluntary or involuntary." Dkt. No. 13-2 ¶¶ 9(a)–(d). Accordingly, because Plaintiff was terminated from Defendants' employment on May 25, 2025, the restrictive covenants Plaintiff seeks to enjoin will lapse within the next four months. Compl. ¶ 12. And given the passage of time since Plaintiff first filed his motion, circumstances may have changed. For example, Plaintiff may have now obtained employment.

Because of the possibility of changed circumstances given the substantial lapse in time since Plaintiff first filed his motion, the Court orders that Plaintiff submit a supplemental brief describing any changed circumstances since the time Plaintiff initially filed his motion that significantly impact the motion or whether, given the lapse in time, Plaintiff wishes to withdraw his motion. Plaintiff must file his supplemental brief no later than March 13, 2026. Should Plaintiff decide to proceed with his motion, the Court reminds Plaintiff and his counsel that this case is now proceeding in federal court. Plaintiff must rely on relevant federal law in making a request pursuant to the Federal Rules of Civil Procedure and not otherwise inapposite authorities. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 13.

SO ORDERED.

Dated: February 20, 2026
    New York, New York

_____
GREGORY H. WOODS
United States District Judge

2