USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/22/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                      :
JOHN SICILIANO, JR.,                                                  :
                                                                      :
                                        Plaintiff,                    :          1:26-cv-1435-GHW
                                                                      :
                    -v-                                               :          ORDER
                                                                      :
IMPERIAL BAG AND PAPER CO., LLC, *doing*                              :
*business as Imperial Dade*, *et al.*,                                :
                                                                      :
                                        Defendants.                   :
-------------------------------------------------------------------- X
GREGORY H. WOODS, United States District Judge:

On June 22, 2026, Defendants filed a letter requesting that the Court issue a third-party subpoena.  Dkt. No. 40.  Defendants' June 22, 2026 request that the Court "so order" their third-party subpoena is denied.

"[D]iscovery is a self-executing process."  *New Falls Corp. v. Soni Holdings, LLC*, No. 18-MC-1111, 2018 WL 8014321, at *1 (E.D.N.Y. Oct. 15, 2018) (internal quotations omitted) (quoting *Barnett v. Norman*, No. 05-CV-1022, 2010 WL 3220122, at *3 (E.D. Cal. Aug. 10, 2010)).  Federal Rule of Civil Procedure 45 provides that an attorney, as an officer of the court, "may issue and sign a subpoena if the attorney is authorized to practice in the issuing court."  Fed. R. Civ. P. 45(a)(3). "Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served."  *New Falls Corp.*, 2018 WL 8014321 at *1 (internal quotations omitted) (quoting *Rand v. Am. Ins. Co.*, No. 11-CV-3040, 2012 WL 628321, at *1 (E.D.N.Y. Feb. 27, 2012)).

Here, Defendants have not made a sufficient showing to justify the issuance of a subpoena by the Court.  If the recipient of any lawfully issued subpoena fails to timely respond, a party may seek to compel compliance with the subpoena by application to the Court requesting the issuance of an order to show cause.

SO ORDERED.

Dated: June 22, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

2